IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A.; | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 11-6248-TC |
| | ) | |
| v. | ) | TEMPORARY RESTRAINING ORDER |
| | ) | |
| ANDREW G. CLARK; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Upon consideration of plaintiff Wells Fargo Bank, N.A.'s (Wells Fargo) *Ex Parte* Application/Emergency Motion for Temporary Restraining Order, and the record including defendant Clark's (Clark) pleadings and exhibits and having determined that:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367;

2. Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") has demonstrated a likelihood of success on the merits, having

shown that defendant Clark disclosed trade secrets and confidential information publicly, through disseminating it to third parties and posting it on a website at www.wfopsreport.com, in violation of his Employment Agreement; and the Computer Fraud and Abuse Act;

3. Wells Fargo will suffer irreparable harm and loss, for which it has no adequate remedy at law, if Clark is permitted to: (1) disclose and/or continue to disclose to third parties Wells Fargo's trade secrets and confidential information, and (2) retain in his possession, custody, or control the trade secrets and confidential information he misappropriated from WellsFargo;

4. Greater injury will be inflicted upon Wells Fargo by the denial of a temporary restraining order than would be inflicted upon Defendant Clark by the granting of such relief;

5. Defendant Clark has already disclosed confidential information through his website and has refused Wells Fargo's requests to cease and desist; and

6. The declarations defendant and Wells Fargo filed responding to or supporting the Motion, and the attached exhibits, set out specific facts showing that immediate and irreparable injury will result to Wells Fargo if this injunction is not entered.

I therefore issue this Temporary Restraining Order in accordance with the terms set forth below:

1. Clark, and all others who are in active concert or participation with Clark and who received actual notice of this Temporary Restraining Order, are immediately enjoined from directly or indirectly using or disclosing to any third parties Wells Fargo's trade secrets and confidential information, specifically including, but not limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries. This specifically includes removing Wells Fargo's trade secrets and confidential information, such as any information concerning current or former customers of Wells Fargo or any Wells Fargo subsidiaries, from any public forum, including any website, on which Clark has posted or disclosed this confidential information.

2. Within 24 hours of receiving actual notice of this Temporary Restraining Order, by personal service or otherwise, Clark shall identify in writing to Wells Fargo all of Wells Fargo's trade secrets and confidential information in his possession, custody, or control, specifically including, but not limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries.

3. Within 24 hours of receiving actual notice of this

Temporary Restraining Order, by personal service or otherwise, Clark shall disclose to Wells Fargo in writing the identity of any person, entity, or destination, including but not limited to internet websites, to which Clark transmitted, posted, or communicated Wells Fargo's trade secrets and confidential information, specifically including, but not limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries.

4. Within 24 hours of receiving actual notice of this Temporary Restraining Order, by personal service or otherwise, Clark shall immediately return to Wells Fargo, by mailing to Wells Fargo's counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., via certified mail, the originals and all copies of paper documents containing or constituting Wells Fargo's trade secrets and confidential information, specifically including, but not limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries.

5. Clark shall preserve all electronic files containing or constituting Wells Fargo's trade secrets and confidential information, specifically including, but not limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries, that are stored on any electronic storage device in his


    possession, custody, or control.

6. Wells Fargo is granted leave to commence discovery immediately in aid of preliminary injunction proceedings before the Court, and Clark shall respond to any document request within 30 calendar days after it is served upon him and shall appear for a deposition within 15 business days after a notice of deposition is served upon him.

7. The requirement of Wells Fargo to post a bond be waived;

8. Clark shall within 10 days of this order, show cause to why a Preliminary Injunction should not be issued ordered according to the terms and conditions set forth above.

9. This Order shall remain in full force and effect for 14 calendar days from the date hereof, or until the Preliminary Injunction hearing, whichever is sooner.

IT IS SO ORDERED.

Dated this 10th day of August, 2011

*Michael C. Hagan*
UNITED STATES DISTRICT JUDGE