IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A.; | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.  11-6248-TC |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW G. CLARK; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **Introduction**

Plaintiff Well Fargo bank, N.A., (Wells Fargo) moves for an
order enjoining the defendant Andrew Clark (Clark) from publishing,
controlling, disclosing or retaining any Well Fargo equipment,
confidential customer information or trade secrets that he may have
in his possession, from violating his Employment Agreement and his
Agreement Regarding Trade Secrets, Confidential Information with
plaintiff and ordering defendant to return any and all such
information to plaintiff within 24 hours of this order.  [#1].

ORDER - p.1

Plaintiff also moves the court to issue the injunction without requiring them to post a bond. [#1]

Defendant Clark appearing *pro se* responds in voluminous filings to both plaintiff's complaint and the court's order to show cause in writing, seeking an order dismissing the plaintiff's motion for preliminary injunction, vacating the temporary restraining order and asserting a whistleblower defense.  [#6; #12].

## Background

Plaintiff, Well Fargo employed Clark as a Home Mortgage Consultant from September 1, 2009 until he was terminated for "repeated unprofessional conduct" on June 28, 2011.  [#1-pp.4-5].

Shortly after Clark began working at Wells Fargo he executed an employment agreement that included: (1) specific prohibition from removing any file materials upon termination; (2) an agreement to maintain plaintiff's confidential and proprietary information (information)in confidence and to return all notes, copies, packages, computer discs/drives/storage and any other material containing plaintiff's information at plaintiff's request. [#1-p.4; #3-Ex.1, pp.3-6].  Wells Fargo provided a laptop computer for defendant's use which his employment agreement specifically stated was to be used for business use only and to be returned (along with and all copies of any software), upon his termination.  [#1-pp.4-5].  Clark also executed an agreement regarding trade secrets and

ORDER - p.2

confidential information (confidentiality agreement) in which he promised to keep all plaintiff's information confidential and to immediately return all records and confidential information upon his termination.  [#1-pp.5-6;  #3-Ex. 1, pp.7-9].

Plaintiff alleges that defendant Clark was disciplined repeatedly during June 2011, for sending emails to Elise Reiser in Well's Fargo's Human Resources department as well as other Wells Fargo employees that plaintiff deemed inappropriate, irrelevant to defendant's employment and in violation of Wells Fargo's electronic communication policy.  [#1-p.6].  On June 27, 2011, when Ms. Reiser contacted defendant to direct him to stop sending these inappropriate emails he allegedly yelled and swore at her.  *Id.*  As a result Clark was terminated the next day, on June 28, 2011.  *Id.*

Subsequent to defendant's termination on June 28, 2011 and again on July 22, 2011, plaintiff requested that Clark return the laptop that he had been issued.  [#1-p.7]  The laptop was not returned until August 1, 2011 when two unidentified individuals dropped it off at Clark's former workplace in Eugene, Oregon.  *Id.*  The laptop was returned, wrapped in a paper bag and seriously damaged.  *Id.*  The laptop could not be opened and every portal appeared compromised.  *Id.*  Plaintiff has retained a computer forensic specialist to determine the extent of damage and whether any information was downloaded or scrubbed from the computer.  *Id.*

In early August 2011, plaintiff became aware that a website

ORDER - p.3

entitled "Wells Fargo Homepage Crimepage" was located at
www.wfopsreport.com. [#1-p.7]. Plaintiff alleges that defendant
maintains the site based on the documents posted on the website
that purport to be authored by Clark and because Clark has sent
Wells Fargo employees and its counsel emails originating from
aclark@wfopsreport.com which shares a domain name with "Wells Fargo
Homepage Crimepage." Id. Plaintiff alleges that the website was
created on or about July 14, 2011 (after Clark was terminated but
before his laptop was returned) and transmitted Well Fargo's
confidential and proprietary information and bank records. [#1-
pp.7-8].

When plaintiff accessed the website on August 2, 2011, it
discovered links to documents consisting of hundreds of pages some
of which contained private customer information including Wells
Fargo customers' names, addresses, details of loans for which they
had applied and other information protected by Clark's employment
agreements. [#1-p.8]. On August 3, 2011, plaintiff's counsel
emailed, overnight-mailed and hand-delivered a letter to Clark
demanding that he remove this information from the website by 3:00
pm, August 4, 2011[1] and return all protected information to the
bank. [#1-p.8]. To date defendant has not returned anything

---

[1]     As of the time of filing its complaint that had not
been done however it does appear when I tried to access the site
that Clark has now disabled the links and changed the page's
content to strange but not bank related postings.  I have
attached today's website contents.

ORDER - p.4

except the laptop to the bank.

Defendant attached ten exhibits[2] to his response to the court's order to show cause. [#12]  In his response defendant argues that: (1) the information on the website was password protected [#12-Ex.8]; (2) he qualifies as a whistleblower because he has filed a complaint about Wells Fargo on the SEC website [#12-Ex.2]; (3) this proceeding is a essentially a strategic lawsuit against public participation (SLAPP) suit because of his complaints [#12-Ex.4]; (4) the injunction must be considered along with his allegations against Wells Fargo of "organized system fraud", "racketeering, internal mechanisms to conceal truth and influencing a government process" [#12-Ex.7]; (5) all data presented at www.wfopsreport.com is a public record and protected by defendant's First Amendment rights; (6) no information displayed are trade secrets [#12-Ex.3]; (7) content on the site has been changed as of August 10, 2011; (8) plaintiff has caused defendant to be "haul[ed] . . . away in chains and no shoes" at 6 pm on July 29, 2011, by the police and (9) plaintiff's arguments are based on heresay and lies.

## Discussion

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled

---

[2]     Because some of defendant's supporting documents appear to contain personal confidential material such as names with addresses and driver's licence numbers, they have not been scanned into the docket.

ORDER - p.5

to such relief." *Winter v. Natural Res. Def. Council,*
*Inc.,* 555 U.S. 7, 31 (2008). To obtain a preliminary injunction,
plaintiff "must establish that (1) it is likely to succeed on the
merits; (2) it is likely to suffer irreparable harm in the absence
of preliminary relief; (3) the balance of equities tips in its
favor; and (4) a preliminary injunction is in the public interest."
*Sierra Forest Legacy v. Rey,* 577 F.3d 1015, 1021 (9th Cir
2009) (*citing Winter,* 555 U.S. at 24-25)).

Upon consideration of the pleadings, and the record including
exhibits and declarations, I make the following findings.

1. This Court has jurisdiction over this matter pursuant to
28 U.S.C. §§ 1331 and 1332, and supplemental jurisdiction
pursuant to 28 U.S.C. § 1367.

2. Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") has
demonstrated a likelihood of success on the merits,
having shown to the court's satisfaction that defendant
Clark disclosed trade secrets and confidential
information publicly, through disseminating the trade
secrets and confidential information to third parties and
posting it on a website at www.wfopsreport.com, in
violation of his Employment Agreement; and the Computer
Fraud and Abuse Act.

3. Wells Fargo will suffer irreparable harm and loss, for
which it has no adequate remedy at law, if Clark is

ORDER - p.6

permitted to disclose and/or continue to disclose to
third parties Wells Fargo's trade secrets and
confidential information, and to retain in his
possession, custody, or control the trade secrets and
confidential information he misappropriated from Wells
Fargo.

4.   Greater injury will be inflicted upon Wells Fargo by the
denial of a preliminary injunction than would be
inflicted upon Defendant Clark by the granting of such
relief.

5.   Defendant Clark has already disclosed confidential
information through his website and his filings.

6.   The pleadings, declarations and the attached exhibits,
submitted by the parties set out specific facts showing
that immediate and irreparable injury will result to
Wells Fargo if this injunction is not entered.

     I therefore issue this Preliminary Injunction in accordance
with the terms set forth below:

1.   Clark, and all others who are in active concert or
participation with Clark and who received actual notice
of this Preliminary Injunction, are immediately enjoined
from directly or indirectly using or disclosing to any
third parties Wells Fargo's trade secrets and
confidential information, specifically including, but not

ORDER - p.7

limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries.  This specifically includes removing Wells Fargo's trade secrets and confidential information, such as any information concerning current or former customers of Wells Fargo or any Wells Fargo subsidiaries, from any public forum, including any website, on which Clark has posted or disclosed this confidential information.

2.  Within a reasonable time not to exceed five business days, of receiving actual notice of this Preliminary Injunction, by personal service or otherwise, Clark shall identify in writing to Wells Fargo all of Wells Fargo's trade secrets and confidential information in his possession, custody, or control, specifically including, but not limited to, any information concerning current or former customers of Wells Fargo or of any Wells Fargo subsidiaries.

3.  Within a reasonable time not to exceed five business days, of receiving actual notice of this Preliminary Injunction, by personal service or otherwise, Clark shall disclose to Wells Fargo in writing the identity of any person, entity, or destination, including but not limited to internet websites, to which Clark transmitted, posted, or communicated Wells Fargo's trade secrets and

ORDER - p.8

confidential information, specifically including, but not
limited to, any information concerning current or former
customers of Wells Fargo or of any Wells Fargo
subsidiaries.

4.   Within a reasonable time not to exceed five business
days, of receiving actual notice of this Preliminary
Injunction, by personal service or otherwise, Clark shall
immediately return to Wells Fargo, by mailing to Wells
Fargo's counsel, Ogletree, Deakins, Nash, Smoak &
Stewart, P.C., via certified mail, the originals and all
copies of paper documents containing or constituting
Wells Fargo's trade secrets and confidential information,
specifically including, but not limited to, any
information concerning current or former customers of
Wells Fargo or of any Wells Fargo subsidiaries.

5.   Clark shall preserve all electronic files containing or
constituting Wells Fargo's trade secrets and confidential
information, specifically including, but not limited to,
any information concerning current or former customers of
Wells Fargo or of any Wells Fargo subsidiaries, that are
stored on any electronic storage device in his
possession, custody, or control.

6.   Wells Fargo is granted leave to commence discovery in aid
of the pending proceedings before the Court, and Clark

shall respond to any document request within 30 calendar

days after it is served upon him and shall appear for a

deposition within 15 business days after a notice of

deposition is served upon him.

7.    The requirement that Wells Fargo post a bond is waived.

## Conclusion

Plaintiffs' Motion for a Preliminary Injunction and to waive

bond [#2] is GRANTED pursuant to the terms detailed above.

IT IS SO ORDERED,

Dated this 22nd day of August, 2011

UNITED STATES DISTRICT JUDGE