IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WELLS FARGO BANK, N.A.;    )
                           )
            Plaintiff,     )    Case No. 6:11-cv-06248-HO
                           )
       v.                  )    ORDER
                           )
ANDREW G. CLARK;           )
                           )
            Defendant.     )
_____)

### Introduction

This court granted plaintiff's Second Motion for Contempt [#113] on October 5, 2012. [#135]. Plaintiff now moves for attorney fees. [#137].

### Background Summary

Plaintiff, Wells Fargo, employed defendant Clark as a Home Mortgage Consultant from September 1, 2009, until he was terminated for "repeated unprofessional conduct" on June 28, 2011. [#1-pp.4-5]. Defendant subsequently launched a website which publicly disclosed some of plaintiff's trade secret and confidential

ORDER - p.1

information.

This court issued a permanent injunction enjoining defendant from disclosure of plaintiff's trade secret and confidential information and ordering him to return any and all documents containing plaintiff's trade secrets and confidential information, on October 5, 2012. [#135]. In the same order the court granted plaintiff's second motion for contempt and ordered defendant to pay reasonable attorney fees and costs incurred from plaintiff's second motion for contempt.

Plaintiff's Motion for Attorney Fees is currently before the court. [#137].

## Discussion

Contempt power inherent in Article III courts, gives district courts the power to hold in civil contempt, any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act. *Michaelson v. U.S. ex rel. Chicago, St. P., M., & O.R. Co.*, 266 U.S. 42, 65-66 (1924); see also *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). Civil contempt is a refusal to do an act the court has ordered for the benefit of a party; the sentence is remedial. *In re. Sepquoia Auto Brokers Ltd., Inc.*, 827 F.2d 1281, 1283 (9th Cir. 1987).

Under Oregon law, "[t]he power of a court to impose a remedial or punitive sanction for contempt of court is an inherent judicial power." ORS 33.025(1). A "contempt of court" includes willful

ORDER - p.2

disobedience of a court's orders.  ORS 33.015(2)(b).  Compensatory sanctions may be paid to the party moving for contempt to compensate for injuries resulting from the contempt.  *General Signal v. Donallco,* 787 F.2d 1376, 1380 (9th Cir.1986).  The amount of compensatory sanctions is determined by the actual costs incurred by the moving party.  *Id.*

The court granted plaintiff's second motion for contempt when, despite repeated warnings and instruction, defendant continued to communicate with plaintiff's counsel in a harassing, vulgar and threatening manner, and willfully ignored reasonable requests to conform his communications to a professional standard.  Together with it's motion, plaintiff has submitted a detailed cost bill for the court's consideration.

After thorough examination of the time sheets and bill of costs, [#139-1], I find plaintiff's request for fees are reasonable.

## CONCLUSION

Plaintiff's motion for attorney fees and costs [#137] is GRANTED.  Plaintiff is hereby awarded attorney fees in the amount of $2,088.45.  This action is dismissed.

IT IS SO ORDERED

DATED this 2 day of November, ~~October,~~ 2012.

_____
UNITED STATES DISTRICT JUDGE

ORDER - p.3