IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WELLS FARGO BANK, N.A.,           )
                                  )
            Plaintiff,            )   No. 6:11-cv-6248-AA
                                  )
       v.                         )   ORDER
                                  )
ANDREW G. CLARK,                  )
                                  )
            Defendant.            )
                                  )
_____ )

AIKEN, Chief Judge:

    Plaintiff, Wells Fargo Bank, filed a complaint seeking injunctive relief prohibiting its former employee, defendant Andrew Clark, from using and disclosing confidential information and trade secrets he allegedly misappropriated. In additions Wells Fargo sought damages for alleged misappropriation of trade secrets, breach of contract and violation of the Computer Fraud & Abuse Act.

1 - ORDER

The court granted preliminary relief and, on October 5, 2012, entered a permanent injunction enjoining defendant from using or disclosing to any third parties, plaintiff Wells Fargo's trade secrets and confidential information. The court also ordered defendant to identify and return all such information to plaintiff. In addition, the court found defendant in contempt of court for violating the preliminary injunction and other orders, and, on November 2, 2012, awarded plaintiff attorney fees in the amount of $2,088.45.

The court entered a judgment dismissing this action on November 29, 2012. Defendant now moves for a mistrial, to unseal all pacer records in this case, to remand to Congress for a hearing, and to remand to the Department of Justice for RICO prosecution and statement of "apparent innocence" and "possible victimhood."

No trial occurred in this case. To the extent, defendant seeks reconsideration of the court's grant of summary judgment in favor of plaintiff, the motion is denied as untimely. To the extent defendant seeks alter or amend the judgment, that motion is denied as untimely. To the extent defendant seeks relief from the judgment under Fed. R. civ. P. 60(b), such motion was filed long after the deadline for filing a notice of appeal had passed. Moreover, defendant provides no viable basis for relief from the judgment and generally repeats arguments already raised.

2 - ORDER

Defendant's attempt to augment the record generally seeks to raise factual matters already known to defendant prior to entry of summary judgment. Accordingly, defendant's motions for a declaration of a mistrial are denied.

Defendant seeks to unseal information he submitted that contains confidential information and trade secrets of plaintiff and that motion is denied.

The motion to remand this case to various congressional or executive agencies is denied as this action originated in this court and there are no agencies to which this action can be remanded. To the extent defendant seeks a "congressional investigation" related to victims of "an act of Holocaust within the structure that is a Holocaust," this court is without authority to order such investigation. Accordingly, defendant's motion to remand is denied.

## CONCLUSION

For the reasons stated above, defendant's motions to declare a mistrial (#145, #147), to unseal all pacer records (#148), and to remand (#149) are denied.

DATED this __14__ day of May, 2013

                        /s/ Ann Aiken
                        Ann Aiken
                        United States District Judge

3 - ORDER